(15 Misc. Rep. 471.)

### ADLER v. GERMANIA FIRE INS. CO.

(City Court of New York, General Term. January 28, 1896.)

INSURANCE—CONDITIONS—MORTGAGES.

> The execution and delivery in escrow of a mortgage on insured property is not a breach of a condition in the policy against incumbrances where the event in which the mortgage was to become operative never happened.

Appeal from trial term.

Action by Harris B. Adler against the Germania Fire Insurance Company on a policy of insurance. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before FITZSIMONS, McCARTHY, and BOTTY, JJ.

Ernest Hall, for appellant.

J. L. Weinberg, for respondent.

FITZSIMONS, J. In view of the charge of the trial justice, the jury must have determined that the chattel mortgage was delivered by the plaintiff's assignor to the lawyer Gretsch, and held by him in escrow until the delivery of the indorsed notes, which occurred on October 24, 1893, the time fixed for their delivery. Upon the occurrence of that event, said chattel mortgage was to be redelivered to the plaintiff's assignor. It would thus appear that said mortgage never had a legal existence, and therefore the provision in the policy of insurance herein sued upon was never violated. There is ample evidence in plaintiff's behalf that would justify the jury in finding that said instrument was not to have legal vitality unless said

indorsed notes were not delivered as agreed upon; that it was merely delivered in escrow, and subsequently became a nullity, because of the compliance by the plaintiff's assignor with the condition just mentioned. I think it was proper to allow the testimony which was objected to by the defendant's attorney, showing that the chattel mortgage was delivered in escrow, as in no other way could that fact be proven. The jury having so determined the question just mentioned,—i. e. that the mortgage was held in escrow, and subsequently became a nullity, as above shown,—their verdict was certainly justified by the evidence, which would have entitled them to find in even a larger amount in plaintiff's favor. Defendant's appeal (judging from its brief) seems to be based upon the theory that a reversal should be had herein because the insured property became incumbered by a chattel mortgage while insured. As we have pointed out, the jury must have determined under the judge's charge, as before stated, that the insured never has so incumbered, and thus it appears to us that the jury found exactly contrary to appellant's contention, and they had a right to so do under the evidence.

We have carefully read over the appeal record, and, in our judgment, it shows no error that would justify us in reversing the judgment; and it is therefore affirmed, with costs. All concur.